UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PROJECT BUILD A FUTURE L L C**           **CASE NO.  2:21-CV-03610**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**GREAT LAKES INSURANCE S E**              **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is "Plaintiff, Project Build a Future, LLC's, Motion to Remand with Request for Expedited Consideration" [Doc. 8]. Plaintiff requests that this Court remand this matter to the Lake Charles City Court due to the amount in controversy not meeting the $75,000 jurisdictional amount.

## BACKGROUND

This lawsuit involves property damage caused by Hurricane Laura on or about August 27, 2021.  Plaintiff alleges that its insurer, Great Lakes Insurance S E, undervalued and underpaid its covered damages and also failed to timely pay undisputed covered damages. Plaintiff filed suit in the Lake Charles City Court asserting claims for breach of contract; Plaintiff also seeks penalties and attorney fees pursuant to Louisiana Revised Statutes 22:1892 and 1973.

Plaintiff maintains that this case, along with eight others insured under the same policy issued by Defendant,[1] were improperly removed to this Court because the damages claimed do not meet the $75,000 federal jurisdictional threshold.

---

[1] Civil Actions 2:21-3529; 2:21-3530; 2:21-3532; 2:21-3603; 2:21-3607; 2:21-3609; 2:21-3612; 2:21-3526.

1

## **LAW & ANALYSIS**

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. However, the removing party bears the burden of showing that this jurisdiction exists, and that removal was procedurally correct. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In making its determination the court considers the claims as they existed at the time of removal and construes ambiguities in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal courts have original jurisdiction over all suits between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs[.]" If the amount in controversy is not readily apparent from the complaint, then the court looks to summary judgment evidence to determine if the requirement was satisfied at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If a state statute provides for attorney's fees, those fees are included in the amount in controversy. *Manguno*, 276 F.3d at 723.

Plaintiff maintains that the Petition filed in Lake Charles City Court which has a jurisdictional limit of $50,000 does not show that the amount in controversy exceeds $75,000. Defendant maintains that the $75,000 threshold is met by Plaintiff's declaration

that the amount remaining owed under the insuring agreement is $25,983.10 after subtracting the deductible and Defendant's prior payments. Plaintiff argues that this amount is well below the federal jurisdictional amount of $75,000.

Defendants complain that Plaintiff has not affirmatively asserted that it would not accept more than $75,000, and that adding Plaintiff's claimed damages shows that the amount in controversy easily exceeds $75,000. Defendant notes the following policy limits: Building - $96,140; Contents - $5,000; Business Interruption - $5,100.[2] Defendant received correspondence from Plaintiff's counsel demanding payment based on estimated damages of $48,335.14 RCV and $44,732.05 ACV.[3]

As noted above, Plaintiffs are seeking to recover penalties and attorney's fees in addition to the damages allegedly caused to its property. Under Louisiana Revised Statute 22:1973, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. However, a plaintiff must show proof of actual damages arising from the insurer's breach of the imposed duty to recover any more than $5,000. *Durio v. Horace Mann Ins. Co., 74 So.3d 1159, 1170–71 (La. 2011).* Under Louisiana Revised Statute 22:1892, the penalty is an additional fifty percent of the amount due under the policy or $1,000, whichever is greater. A plaintiff can only recover penalties under one of these statutes but may recover attorney

---

[2] Defendant's exhibit A, Declaration of Brently Cuthbertson; exhibit A-1, Policy.
[3] Doc. 10-1; Defendant's exhibit A, and exhibit A-3, (letter with attached estimate).

3

fees under § 22:1892 even if he receives punitive damages under § 22:1973. *Kodrin v. State Farm Fire & Cas. Co.*, F.App'x 671, 678–79 (5th Cir. 2009).

As noted by Defendant, Plaintiff's petition filed in City Court is silent as to the exact amount of damages but alleges that its damages do not exceed $50,000. The Court agrees with Defendant that this allegation alone does not limit the insured's recovery to less than $75,000 and does not preclude removal to federal court. See *Davenport v. BellSouth Corp.,* 2007 WL 2572317 (W.D. La. Aug. 20, 2007).

The rules of assessing the amount in controversy differ between City Court and federal court. Louisiana Code Civil Procedure article 4841(B); *Davenport,* 2007 WL 2572317 at *3. When assessing the amount in controversy for purposes of determine a federal court's diversity jurisdiction, if a statute at issue in a case provides for the potential award of fees, such fees may be included in the amount of controversy. *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 874 (5th Cir. 2002).

Plaintiff's petition claims the following damages for Defendant's alleged breach: (1) financial losses; (2) increased costs of construction; (3) lost past and future income; (4) lost business opportunity; and (5) lost business good will.[4] In addition, Plaintiff seeks double damages as penalties and attorney's fees. Hence, Defendant argues that Plaintiff's alleged damages in dispute exceed $75,000.[5]

Specifically, Defendant calculates Plaintiff's alleged damages as follows:

RCV (estimate prepared by Plaintiff's consultant)                                          $48,335.14[6]

---

[4] Doc. 1-1, ¶ 17.
[5] Doc. 1-1, ¶ 18.
[6] Defendant's exhibits A and A-3.

| | |
|---|---:|
| **LESS** prior payments made by Defendant | ($16,248.95) |
| Net disputed damages for Building | **$ 29,586.19** |
| BI Policy limit | $ 5,100 |
| **LESS** prior payment | $ 725 |
| Net disputed damages for BI | **$ 4,375** |
| Contents Policy limit | **$ 5,000** |
| TOTAL ALLEGED DISPUTED CLAIM UNDER POLICY | **$ 38,961.19** |

Defendant then asserts that considering the $38,961.19 in remaining disputed damages in addition to 50% penalties of $19,480.60 and "reasonable" attorney fees under La. R.S. 22:1892 (as high as 33%) or $19,461.11, the total disputed amount in controversy is at least $77,902.90. Thus, Defendant argues that the amount in dispute clearly exceeds this Court's jurisdiction threshold.

Plaintiff responds by informing the Court that it has no claim for contents damages and that it has no further claim for business interruption (loss of rent) beyond what has been timely paid;[7] the only claims that remain unpaid are the $25,983.10 (after subtracting the deductible and prior payments). Consequently, Plaintiff maintains that the total amount in controversy including penalties and attorney fees is at most $51,966.20.[8] Plaintiff also notes that Defendant has failed to submit an affidavit or other evidence to show that the amount in controversy exceeds the federal jurisdictional amount. The Court agrees with Plaintiff that the jurisdiction amount is not met. Accordingly,

---

[7] Doc. 11-1. Declaration of Charla Blake.
[8] Doc. 11 p.2. Plaintiff Reply Memorandum in Support of its Motion to Remand.

**IT IS ORDERED** that the Motion to Remand is hereby **GRANTED** and this matter is remanded to the Lake Charles City Court.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of December, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**